# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DAVID TERRENCE STEPHENS,**
**D.O.C. # 059682,**

      **Plaintiff,**

**vs.**                              **Case No. 4:17cv329-RH/CAS**

**WARDEN TORREY JOHNSON,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This civil rights case was initiated by David Terrence Stephens on July 26, 2017. On that day, Mr. Stephens submitted a 43-page complaint, ECF No. 1, a "motion for correction of case number," ECF No. 2, and a "motion for leave to file attached complaint excess pages," ECF No. 3. A short time later, Mr. Stephens filed a motion requesting the Clerk's Office provide him with a copy of his "case history docket." ECF No. 5. The Clerk mailed him a copy of the docket. ECF No. 6. Just recently, Mr. Stephens has filed a motion requesting issuance of a writ of mandamus. ECF No. 7. However, Mr. Stephens has not paid the filing fee for this case, nor did he

submit a motion requesting leave to proceed in forma pauperis at the time of case initiation.

Mr. Stephens attempted to litigate ten prior cases[1] in 2016 and three more cases in 2017. Thus, he is well aware of the requirement that he demonstrate the § 1915(g) exception that he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Stephens is well aware from the prior dismissals in this Court that he has more than "three strikes" and is not entitled to in forma pauperis status unless he can show he is in imminent danger.

The complaint Mr. Stephens submitted to this Court is essentially the same complaint he most recently filed and had dismissed. In case number 4:17cv148, Mr. Stephens submitted a 39-page amended complaint, ECF

---

[1] The cases submitted in 2016 were: (1) case # 4:16cv05-WS-GRJ, filed on 01/05/16 and closed 02/01/16; (2) case # 4:16cv88-MW-CAS, filed on 02/11/16 and closed 03/11/16; (3) case # 4:16cv173-MW-CAS, filed on 03/18/16 and closed 05/17/16; (4) case # 4:16cv316-WS-CAS, filed on 05/31/16 and closed 07/11/16; (5) case # 4:16cv465-RH-CAS, filed on 07/22/16 and closed 10/24/16; (6) case # 4:16cv473-WS-CAS, filed on 07/28/16 and closed 10/03/16; (7) case # 4:16cv663-RH-CAS, filed on 10/18/16 and closed 12/06/16; (8) case # 4:16cv664-MW-CAS, filed on 10/18/16 with dismissal still pending; and (9) case # 4:16cv665-RH-CAS, filed on 10/18/16 and closed 12/06/16; (10) case # 4:16cv756-RH-CAS, filed on 12/07/16 and closed 02/08/17. In 2017, Mr. Stephens submitted: (1) case # 4:17cv89-MW-CAS, filed on 2/15/17 and it closed on 3/16/17; (2) case # 4:17cv99-MW-CAS, filed on 02/21/17 and closed on 03/30/17; and (3) case # 4:17cv148-RH-GRJ, filed on 03/28/17 and closed on 06/20/17. This case, case # 4:17cv329-RH-CAS was submitted just a month later on 07/26/17.

No. 9, which is nearly identical to the 43 page complaint filed in this case.
Much of his allegations are not recent, stemming back to events in 2005.
Because that complaint was dismissed pursuant to 28 U.S.C. § 1915(g),
*see* ECF Nos. 15 and 21, Mr. Stephens is well aware that he cannot submit
the same complaint again and proceed.

Despite the inclusion of more recent events from April, May, and
June of 2017, Mr. Stephens has not alleged facts showing that he is in
imminent danger of serious physical injury from the only named Defendant
in this case, Warden Torrey Johnson. Moreover, a proper complaint under
§ 1915(g) must be limited to recent events demonstrating imminent danger.
Accordingly, this case should be summarily dismissed pursuant to 28
U.S.C. § 1915(g).

**RECOMMENDATION**

It is **RECOMMENDED** that this case be **DISMISSED** pursuant to 28
U.S.C. § 1915(g) as Mr. Stephens has more than "three strikes" under
§ 1915(g)[2] and the instant complaint, ECF No. 1, does not demonstrate

───────────────

[2] Prior cases filed by Mr. Stephens and dismissed by the Middle District of Florida
as either frivolous, malicious, or for failure to state a claim include: case # 6:01cv1512,
case # 6:04cv695, case # 6:04cv811, case # 8:06cv319, case # 6:07cv536, case #
8:09cv194, and case # 8:11cv1342. *See* case # 8:13cv1397. In the past 8 months, Mr.
Stephens has had 4 cases dismissed under § 1915(g): case # 4:16cv756-RH/CAS,
case # 4:17cv89-MW/CAS, case # 4:17cv99-MW/CAS, and case # 4:17cv148-RH/CAS.

that he is in imminent danger of serious physical injury, and all pending

motions should be **DENIED**.  It is further **RECOMMENDED** that the Order

adopting this Report and Recommendation direct the Clerk of Court to note

on the docket this case was dismissed pursuant to 28 U.S.C. § 1915(g).

  **IN CHAMBERS** at Tallahassee, Florida, on October 2, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

  Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.